UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK D. KELLEY, JR., <br> Petitioner, <br> v. <br> CDCR CSP/SAC, et al., <br> Respondent. | No. 2:17-cv-0111 AC P <br><br> ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner also seeks appointment of counsel.

Although petitioner has filed a copy of his prison trust account statement (ECF No. 8), he has failed to file an application to proceed in forma pauperis, despite being ordered to do so prior to the transfer of his petition to this district (ECF No. 10). Accordingly, petitioner will be required to complete and return an application to proceed in forma pauperis or pay the $5.00 filing fee.

In addition to requiring petitioner to submit an application to proceed in forma pauperis or to pay the filing fee, the court will dismiss the petition with leave to amend. Petitioner challenges a rules violation report that he was issued. ECF No. 1. However, while the petition indicates that he is serving a determinate sentence, it is not clear from the petition that he lost any time credits or that he exhausted his state court remedies. Id. In fact, it appears that at the time of filing the

petition, petitioner had yet to have a hearing on rules violation report. Id. at 7. In amending the petition, petitioner must include information regarding the exhaustion of his state court remedies and whether he lost time credits. Petitioner is advised that in order for the court to have habeas jurisdiction over his claim, success on the petition must necessarily result in petitioner's speedier release. Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc).

Finally, with respect to petitioner's request for counsel, there currently exists no absolute right to appointment of counsel in habeas proceedings. Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel for financially eligible petitioners at any stage of the case "if the interests of justice so require." Petitioner's request will be denied at this time because he has not yet established financial eligibility and because the petition is being dismissed with leave to amend, the court is unable to determine whether petitioner has any claims such that the interests of justice would require appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days of service of this order. Any amended petition must bear the case number assigned to this action and the title "Amended Petition."

2. Within thirty days of service of this order, petitioner must submit an application in support of his request to proceed in forma pauperis or the appropriate filing fee. Petitioner's failure to comply with this order will result in dismissal of this action.

3. Petitioner's motion for appointment of counsel (ECF No. 14) is denied.

4. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus and a copy of the in forma pauperis form used by this district.

DATED: June 21, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE